## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, et al.,<br><br>Defendants. | Case No. 1:21-cv-00596-DAD-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Prince Paul Raymond Williams ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1986. Currently before the Court is Plaintiff's complaint filed on April 9, 2021.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against the Fresno County Department of Social Services Administration, Amanda Ford, Christina Astorga, Delfino Neira, and Justin R. Johnson. Plaintiff alleges violations of the Fourth Amendment, Fifth Amendment, Seventh Amendment, Ninth

Amendment, and violations of Title 18 of the United States Code.

Plaintiff alleges that the defendants have made false allegations and caused abuse of a minor child and false claims of debt and is seeking monetary damages. (Compl. 4, ECF No. 1.) Defendant Ford is a social worker for the Fresno County Department of Social Services and she and Plaintiff are the parents of Aamirah Williams. (Id. at ¶¶ 7, 8.) In mid 2016, Defendant Ford made false allegations of sexual abuse against Plaintiff. (Id. at ¶ 9.) The allegations of sexual abuse have effected Plaintiff's support and custody in County of Fresno v. Prince Paul Raymond Williams, case no. 14CEFS01741. (Id. at ¶ 10.)

On August 25, 2016, Defendant Astorga was assigned a ten day referral to investigate Defendant Ford's allegations. (Id. at ¶ 11.) On August 26, 2016, Defendant Astorga contacted the Fresno Police Department to investigate the allegations. (Id. at ¶ 12.) The dispatch reported that there had been no reports made with the address provided. (Id.) On August 30, 2016, Defendant Astorga contacted a third party to investigate the allegations. (Id.) Defendant Astorga reported that the third party was unsure but that the minor's mother had disclosed that the minor had been "touched" but there were no visible marks or bruises to indicate abuse. (Id. at ¶ 13.)

On August 31, 2016, Defendant Astorga contacted Defendant Ford who alleged that the abuse had occurred at Plaintiff's residence. (Id. at ¶ 14.) Defendant Astorga spoke with Defendant Ford, a third party, and the minor. (Id. at ¶ 15.)

Defendant Astorga attempted to contact Plaintiff on September 1, 27 and 28 of 2016. (Id. at ¶ 16.) Defendant Astorga reported that the referral was closed as the allegations of sexual abuse appeared to be unfounded and the child did not appear to be in any demonstrable danger at the time of the investigation. (Id. at ¶ 17.)

On September 1, 2019, Plaintiff emailed Defendants Fresno County Department of Social Services Administration and Neira a notice of complaint against Defendant Ford. (Id. at ¶ 18.) The complaint described Plaintiff's suffering due to the false accusations made by Defendant Ford. (Id.) On September 3, 2019, Defendant Johnson replied that the correspondence had been received and requested that Plaintiff call to discuss the matter. (Id. at ¶ 19.) Plaintiff was not

provided with a remedy for his suffering during the discussion with Defendant Johnson. (Id. at ¶ 20.)

On November 14, 2019, Defendant Ford sent an email to Plaintiff from her Fresno County email that contained a medical billing statement regarding their daughter. (Id. at ¶ 21.) In late 2019, Defendant Ford sent a medical billing statement to Plaintiff regarding their daughter using a County of Fresno envelope. (Id. at ¶ 22.) Defendant Ford replaced the County of Fresno address by writing "Amanda Ford 3718 N. State Fresno, CA 93722." (Id.)

On December 12, 2019, Plaintiff contacted Defendant Mesa to receive a remedy for his suffering. (Id. at ¶ 23.) Defendant Mesa did not provide a remedy. (Id.)

On December 23, 2019, Defendant Ford sent Plaintiff an email from a personal email address informing him that she was providing him with notice that if he did not pay the attached medical billing she would make sure it was added to his payback when they went to court. (Id. at ¶ 25.)

Plaintiff brings a cause of action for defamation, fraud, negligence, intentional infliction of emotional distress, mail fraud, mail threats, and unjust enrichment. (Id. at pp. 14-17.)

For the reasons discussed below, Plaintiff has failed to allege any facts to state a claim for a violation of his federal rights. The Court shall provide Plaintiff with the legal standards that apply to his claims and provide him with the opportunity to file an amended complaint to cure the deficiencies identified.

## III.

## DISCUSSION

### A. Jurisdiction

Plaintiff states that the basis of jurisdiction in this action is diversity of citizenship. (Compl., p. 3.) Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence

4

1  "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff alleges that he is a citizen of California and Defendant Ford is also a citizen of California. Further, Plaintiff is suing employees of the Fresno County Department of Social Services. An individual's domicile is determined by "physical presence at a given location and an intent to remain there indefinitely." Lew v. Moss, 797 F.2d 747, 752 (9th Cir. 1986). The named defendants, who are employed by the Fresno County Department of Social Services, would reasonably be citizens of California.

Also, the Fresno County Department of Social Services, as a political subdivision of the County of Fresno, is a citizen of the State of California for diversity purposes. Moor v. Alameda Cty., 411 U.S. 693, 717 (1973) see also Lewis v. AT&T, Inc., No. 2:20-CV-461-KJM-EFB PS, 2020 WL 3642360, at *2 (E.D. Cal. July 6, 2020) (county agencies are citizens of State for purpose of diversity of citizenship); 147 A.L.R. 786 (Originally published in 1943) ("Counties have been recognized as corporations, and as such citizens, for the purpose of suits based on diverse citizenship in the Federal court.")

Since Plaintiff and the named defendants are all citizens of California, diversity of citizenship does not exist in this action.

Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at

1089 (citations omitted).

**B.     Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff brings this action against Defendant Ford, the mother of his child, for reporting sexual abuse. An individual acts under color of state law under section 1983 where she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This does not require that the defendant be an employee of the state, but she must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

Although Plaintiff alleges that Defendant Ford is currently a social worker and works for the Fresno County Social Services Administration, there are no allegations that would lead the Court to reasonably conclude that Defendant Ford was acting under state law in making her report of the sexual abuse of her daughter in 2016, in mailing or emailing Plaintiff regarding the medical bill for which she was seeking his contribution, or by seeking back child support.

Further, there is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff's claims in this action against Defendant Neira, Director of the Fresno County Department of Social Services, and Defendants Johnson and Mesa, social worker supervisors, are based on their

supervisory positions in the department. Plaintiff's allegations that he reached out to them to obtain after the alleged false report of sexual abuse and Defendant Ford's use of her work email and envelopes to seek his contribution for their daughter's medical expenses does not implicate any involvement by these supervisory employees in the alleged violations. Further, Plaintiff's conclusory allegations that the defendant knew or should have known is insufficient to link the defendant to any act or failure to act that violated his federal rights. In any amended complaint, Plaintiff must set forth the act or failure to act of each named defendant that violated his federal rights.

Further, to the extent that Plaintiff is alleging claims based in fraud, the pleading standard of Rule 9 would apply. Allegations of fraud of subject to the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted). Initially, Plaintiff's allegations are insufficient to plead fraud with particularity as required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiff contends that Defendant Ford made false claims of a debt owed, but the are no facts alleged within the complaint that would reasonably lead to the conclusion that her attempts to have Plaintiff pay the medical bill or to collect past due child support for their daughter is fraudulent.

///

1. Fourth Amendment

Plaintiff alleges a violation of the Fourth Amendment. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

There are no allegations in the complaint that Plaintiff was seized or that there was a search such to implicate the Fourth Amendment. Rather, Plaintiff alleges that that Defendant Astorga conducted an investigation based upon receiving a report of sexual abuse and determined that the claim of sexual abuse was unsubstantiated. Plaintiff has failed to state a claim for violation of the Fourth Amendment.

2. Fifth Amendment

Plaintiff alleges that the Fifth Amendment was violated. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all named defendants in this action are municipal employees the Fifth Amendment's due process clause does not apply.

The Fifth Amendment also provides that "private property [shall not] be taken for public use, without just compensation." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003). The Takings Clause of the Fifth Amendment has been made applicable to the States through the Fourteenth Amendment. Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005). The Takings Clause " 'limits the government's ability to confiscate property without paying for it,' and 'is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.' " Vance, 345 F.3d at 1089.

To the extent that Plaintiff is attempting to state a claim under the Takings Clause based

on his obligations to participate in paying for his daughter's medical bills or to pay child support, he has failed to do so. Even if he was ordered to pay all or a portion of the medical bill or child support, it would not constitute a taking for public use. Plaintiff cannot state a claim under the Takings Clause of the Fifth Amendment.

### 3. Seventh Amendment

The Seventh Amendment provides for the right to a trial by jury at suits in common law. U.S. Const. amend. VII. The Seventh Amendment guarantee "appl[ies] to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Tamosaitis v. URS Inc., 781 F.3d 468, 485 (9th Cir. 2015) (quoting Curtis v. Loether, 415 U.S. 189, 194 (1974)). There are no facts alleged in the complaint that would implicate the Seventh Amendment.

### 4. Ninth Amendment

The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg, 791 F.2d at 748; accord Montana Caregivers Ass'n, LLC v. United States, 526 F. App'x 756, 758 (9th Cir. 2013) (unpublished);[1] see also San Diego Cty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (rejecting argument that Ninth Amendment encompasses right to bear firearms). The Ninth Amendment is simply a rule on how to read the constitution. Montana Caregivers Ass'n, LLC v. United States, 841 F.Supp.2d 1147, 1150 (D. Mont. 2012), aff'd, 526 F. App'x 756 (9th Cir. 2013). Causes of action based on the Ninth Amendment fail to state a legal claim. Ralls v. Facebook, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016).

---

[1] Citation to unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b). .

1  5. Fourteenth Amendment

It is unclear if Plaintiff is attempting to state a claim under the Fourteenth Amendment.

**a. Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" Brittain, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process. Albright, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." Brittain, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process

1 claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Plaintiff has not alleged the deprivation of any property or liberty interest but only asserts vague and speculative deprivation, such as the effect on custody and support matters in his state case. To the extent that Plaintiff is alleging that Defendant Ford is seeking to obtain back child support and for him to pay medical bills for his daughter, there are no facts alleged by which it could reasonably be inferred that Plaintiff is not receiving the process due in his state court case.

### b. Equal Protection

Plaintiff also mentions violations of his right to equal protection. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

There are no factual allegations that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class. Nor is there any allegation that Plaintiff was intentionally treated differently than other similarly situated individuals. Rather, it appears that Plaintiff's claims against Defendant Ford are based on their relationship as mutual parents of their daughter and disagreements based upon that relationship. Plaintiff's claims against Defendant Astorga are based on her investigation of an allegation of child abuse in her position as the social worker assigned to investigate the case. Plaintiff has failed to state a claim for violations of the Equal

Protection Clause.

### C. Section 1986

Section 1985 prohibits private individuals from conspiring to deprive another person of their civil rights. Griffin v. Breckenridge, 403 U.S. 88, 96 (1971). The section applicable here would be 1985(3) which protects against conspiracies to deprive a person from equal protection of the law. 42 U.S.C. § 1985(3). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000).

To state a claim under section 1985(3), a plaintiff allege sufficient facts to show "deprivation of a right motved by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)). The Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Sever, 978 F.2d at 1536. "The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin, 403 U.S. at 102) (emphasis omitted). Section 42 U.S.C. § 1986 provides a cause of action for damages for violation of section 1985. I.H. by & through Hunter v. Oakland Sch. for Arts, 234 F.Supp.3d 987, 994 (N.D. Cal. 2017); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).

There are no facts alleged in the complaint that would implicate the existence of a conspiracy or that Plaintiff is a member of a suspect group. Further, there are no facts alleged to demonstrate any racial or other class based discriminatory animus. Rather the acts alleged in the complaint demonstrate that the disputes at issue are based on Plaintiff's relationship with Defendant Ford as mutual parents involved in a dispute over their minor daughter. Plaintiff has failed to state a claim under section 1985.

### D. Title 18 of the United States Code

Plaintiff also alleges violations of 18 U.S.C. §§ 242, 245, 1512, 2071. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). Rather, the court is to consider if Congress intended to create the private right of action in the statute and begins with the language of the statute itself. Touche Ross & Co., 442 U.S. at 568. "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Here, the sections cited under Title 18 provide for fines and incarceration for criminal offenses and do not set forth a private cause of action nor is there any language that would imply that a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.

### E. Municipal Liability

Plaintiff also brings this action against the County of Fresno Department of Social Services. A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Monell, 436 U.S. at 694.

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to

follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

"A plaintiff may []establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir. 2002)).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

The complaint is devoid of any factual allegations of a policy or custom that violated Plaintiff's federal rights. Plaintiff has not set forth any policy or custom nor has he stated a claim for a violation of his federal rights. Plaintiff has failed to state a claim against the Fresno County Department of Social Services.

**F.     Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris,

14

370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1.

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

Plaintiff's claims regarding the accusation of sexual abuse accrued in 2016. Plaintiff filed the complaint in this action on April 9, 2021, well more than four years after the claims accrued. The complaint does not allege any facts to demonstrate that equitable tolling would apply in this case. However, issues regarding equitable tolling are not typically addressed prior to the time when motions for summary judgment are filed. See Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.") (internal citations and quotation marks omitted); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage).

Nonetheless, if Plaintiff chooses to file an amended complaint alleging a claim based on the sexual abuse allegation, the Court may then issue an order to show cause demonstrating why Plaintiff's claim should not be dismissed for violating the applicable statutes of limitation.

///

### G. State Law Claims

Plaintiff also alleges claims of defamation, fraud, negligence, intentional infliction of emotional distress, mail fraud, mail threats, and unjust enrichment under California law. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 32 Cal.4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

## IV.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

2. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **May 27, 2021**

UNITED STATES MAGISTRATE JUDGE